UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TERRELL PORTER,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JOSIAS SALAZAR, Warden,<br><br>　　　　　　　Respondent. | No.  2:15-cv-2177 KJN P<br><br><br>ORDER |

I. Introduction

　　Petitioner, a federal prisoner proceeding without counsel, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241.  Both parties consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Petitioner claims his constitutional rights were violated in connection with a prison disciplinary hearing.  Petitioner seeks an order expunging the disciplinary hearing report, and restoration of his good conduct credits.  Respondent moved to dismiss the petition as moot.  As set forth below, respondent's motion is granted.

II. Background

　　Petitioner was convicted on December 12, 2013, and is serving a sentence of 240 months. (ECF No. 1 at 2.)

　　On May 1, 2014, there was a fight between African-American and Hispanic inmates on the recreation yard at FCC Yazoo City.  (ECF No. 1 at 13-14.)  On July 9, 2014, T. Hawkins, the

1

investigating officer, wrote a report alleging that petitioner picked up a red broom and struck inmate Nahu Diaz on the head about ten times. (ECF No. 1 at 31.) Recreation Specialist R. Bass witnessed the incident. (Id.) On July 22, 2014, Disciplinary Hearing Officer ("DHO") Truex held a hearing and found petitioner responsible for assaulting another inmate and for possession of a weapon, and was assessed a loss of good conduct time credits of 41 days for each count, and imposed 30 days of disciplinary segregation and other restrictions. (ECF No. 1 at 29.)

On November 11, 2014, petitioner filed a regional administrative remedy appeal. (ECF No. 1 at 32-33.) On or about April 21, 2015, petitioner filed a central office administrative remedy appeal. (ECF No. 1 at 34-35.) On July 21, 2015, the central office extended the time to respond to petitioner's appeal. (ECF No. 1 at 37.)

On October 12, 2015, petitioner signed the instant federal petition. (ECF No. 1 at 5.)

On September 9, 2016, petitioner's incident report was reopened for reinvestigation at the direction of the Regional Director of the Bureau of Prison's Western Region. (ECF No. 13-1 at 8.) The matter was reinvestigated, and on September 12, 2016, the Unit Discipline Committee ("UDC") at FCI Herlong conducted a hearing. (ECF No. 18-2 at 2.) The UDC referred the incident report to the DHO based on severity. (Id.)

On September 13, 2016, the DHO at FCI Herlong conducted a hearing on the incident report and determined that the disciplinary should be expunged for insufficient evidence. (Id.)

III. Motion to Dismiss

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "[F]ederal courts may not give opinions upon moot questions or abstract propositions." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (internal quotation marks omitted). "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). Mootness is a threshold jurisdictional issue. St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 537 (1978).

////

Following the new disciplinary hearing, petitioner's inmate discipline incident report history now reflects that the case was expunged for insufficient evidence. (ECF No. 20 at 2.) Petitioner's inmate data form reflects that as of September 28, 2016, petitioner's projected release date is October 23, 2022. (ECF No. 20 at 5-8.) This revised release date reflects that the lost credits were restored to petitioner inasmuch as his prior projected release date was December 9, 2022. (ECF No. 13-1 at 11.)

Therefore, petitioner's claims concerning the July 22, 2014 hearing are now moot because the disciplinary finding has been expunged and the 82 days' good conduct time he lost have been restored. Because the Bureau of Prisons granted petitioner all of his relief, no injury remains that could be redressed by a favorable decision of this court. See Khranyan v. U.S. Bureau of Prisons, 2014 WL 470208, at *2 (C.D. Cal. Feb. 6, 2014) (denying habeas petitioner's due process claims as moot when incident report already expunged and good-conduct time already restored).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 13) is granted; and

2. This action is dismissed as moot.

Dated:  December 12, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/port2177.dsm.2241